UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

United States of America,                         CR-94-0729(CPS)

    - against -
                                                  SENTENCING
Jose Vega,                                        MEMORANDUM

                Defendant.
----------------------------------------X
SIFTON, Senior Judge.

Following a fourteen week jury trial in the Fall of 1995, defendant Jose Vega ("defendant") was convicted of multiple charges, including conspiracy to distribute narcotics in violation of 18 U.S.C. §§ 841(b)(1)(A)(i) and 841(b)(1)(A)(iii). On August 6, 1996, I sentenced defendant to a total sentence of incarceration of life plus 90 years. Now before this Court is defendant's motion, pursuant to 18 U.S.C. § 3582(c)(2), to modify defendant's sentence. For the reasons set forth below, defendant's motion is denied.[1]

## Background

Defendant, together with co-defendants, was convicted on August 6, 1996, of one count of racketeering (count 1), in

---

[1] On December 15, 2007, in a motion filed under the civil docket number (99-CV-3229) pertaining to defendant's 28 U.S.C. § 2255 petition and received by the Court on January 2, 2008, defendant requested copies of correspondence from the government pertaining to the drug quantity attributed to him at sentencing and copies of legislation relevant to the amended United States Sentencing Guidelines. He also sought appointment of counsel to assist in seeking a modification of his sentence based on the changes to the guidelines. The undersigned responded on January 14, 2008, forwarding the letters sought, and appointed Sam A. Schmidt, Esq. to represent defendant in connection with this motion.
  Defendant's counsel has submitted papers in support of defendant's application to reduce his sentence.

violation of 18 U.S.C. §§ 1962(c) and 1963, one count of racketeering conspiracy (count 2), in violation of 18 U.S.C. §§ 1962(d) and 1963, one count of assault in aid of racketeering (count 42), in violation of 18 U.S.C. § 1959(a)(3), five counts of conspiracy to murder in aid of racketeering (counts 32, 33, 37, 40, and 41), in violation of 18 U.S.C. § 1959(a)(5), three counts of using and carrying firearm for violent crime or narcotics trafficking (counts 35, 38, 43), in violation of 18 U.S.C. § 924(c), one count of using and carrying a destructive device for violent crime (count 31), in violation of 18 U.S.C. § 924(c), one count of arson (count 30), in violation of 18 U.S.C. § 844(i), one count of murder in aid of racketeering (count 34), in violation of 18 U.S.C. § 1959, and one count of conspiracy to distribute narcotics (count 44), in violation of 18 U.S.C. §§ 841(b)(1)(A)(i) and 841(b)(1)(A)(iii).[2]

At defendant's sentencing, I adopted the factual findings and guideline application of the Presentence Investigation Report ("PSR") and the first Addendum to the PSR, dated July 1, 1996. Due to defendant's multiple counts of conviction, "closely related" counts were grouped, pursuant to U.S.S.G. §§ 3D1.1-.5 (1996). Application of U.S.S.G. §§ 3D1.1-.5 (1996) resulted in a number of groups, as several of defendant's counts of conviction

---

[2] Defendant appealed his conviction, but the Second Circuit affirmed. *See United States v. Mora*, 152 F.3d 921 (2d Cir. 1998) (table of unpublished decisions).

were not "closely related."

The combined offense level for the various groups was then determined by applying U.S.S.G. § 3D1.4 (1996).[3] The group with the highest base offense level, 43, was the group containing RICO Act 17A/17B[4] and counts 33 and 34 (parts 1 and 2), relating to conspiracy to murder and the murder of Wayne Smith and the attempted murder of William Alestica. RICO Act 1 was grouped with count 44, the narcotics conspiracy. The adjusted offense level for this group was 40. This offense involved 1.5 kilograms of cocaine base, producing a base offense level of 38, which was

---

[3] U.S.S.G. § 3D1.4 (1996) provides:

The combined offense level is determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the amount indicated in the following table:

| Number of Units | Increase in Offense Level |
|---|---|
| 1 | none |
| 1 1/2 | add 1 level |
| 2 | add 2 levels |
| 2 1/2-3 | add 3 levels |
| 3 1/2-5 | add 4 levels |
| More than 5 | add 5 levels |

In determining the number of Units for purposes of this section:
(a) Count as one Unit the Group with the highest offense level. Count one additional Unit for each Group that is equally serious or from 1 to 4 levels less serious.
(b) Count as one-half Unit any Group that is 5 to 8 levels less serious than the Group with the highest offense level.
(c) Disregard any Group that is 9 or more levels less serious than the Group with the highest offense level. Such Groups will not increase the applicable offense level but may provide a reason for sentencing at the higher end of the sentencing range for the applicable offense level.

[4] The racketeering acts underlying defendant's racketeering and racketeering conspiracy convictions (counts 1 and 2) were grouped with the corresponding counts which related to the same conduct. U.S.S.G. § 3D1.2 (1996).

increased by two levels due to the possession of firearms.[5]

Starting at offense level 43, the combined offense level for all the groups was increased by three levels to 46, pursuant to U.S.S.G. § 3D1.4 (1996). The increase in the combined offense level was due in part to defendant's conviction on the narcotics distribution conspiracy charge (count 44). Since the adjusted offense level for the narcotics conspiracy was only three less than the level 43 attributed to defendant's murder and conspiracy to murder convictions (counts 33 and 34), this offense was assigned one unit. U.S.S.G. § 3D1.4(a) (1996). Other counts were assigned a total of one and one-half units, resulting in a three-level increase in defendant's combined offense level. *Id.* This combined offense level, together with defendant's CHC, produced a guideline range of life for counts 1, 2,[6] 30, 32, 33, 34, 37, 40, 41, 42 and 44.

Counts 31, 35, 38, and 43 were expressly excluded from the grouping analysis, since they carried statutorily mandated consecutive sentences. U.S.S.G. § 3D1.1(b) (1996); 18 U.S.C. § 924(c)(1). The mandated term for Count 31 was 30 years, to run

---

[5] The second addendum to the PSR, dated April 25, 2008, and filed in connection with the present application, takes the position that defendant is accountable for 30 kilograms of heroin and 1.5 kilograms of crack. However, the first Addendum, whose findings I adopted, concluded that defendant was accountable only for the 1.5 kilograms of crack. The Second Addendum, as well as the government's submissions, ignore this determination.

[6] The offense level for defendant's racketeering and racketeering conspiracy charges was determined by the offense level for the underlying racketeering acts. U.S.S.G. § 2E1.1(a)(2).

consecutively with any sentence imposed on other counts, and the mandated term for counts 35, 38, and 43 was 20 years, to run consecutively to each other and any sentence imposed on other counts.

Accordingly, on August 6, 1996, I sentenced defendant to concurrent terms of life imprisonment on counts 1 (racketeering), 2 (racketeering conspiracy), 33 (murder in aid of racketeering), and 44 (conspiracy to distribute narcotics). I also imposed concurrent terms of 20 years on counts 30 and 42 and concurrent terms of 10 years on counts 32, 33, 37, 40, and 41.[7] Finally, I imposed consecutive terms of imprisonment totaling 90 years on counts 31, 35, 38, and 43, as required by 18 U.S.C. § 924(c). Defendant's total sentence of incarceration was life plus 90 years.

On November 1, 2007, Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to crack offenses. On December 11, 2007, the United States Sentencing Commission (the "Sentencing Commission") voted to apply the amendment retroactively to crack

---

[7] The ten and twenty year concurrent terms are statutory maximums and for this reason are less than the life term set forth in the guidelines. *See* PSR at 34.

offenses, effective March 3, 2008.  The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implements the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.  On May 1, 2008, the Sentencing Commission further amended U.S.S.G. § 2D1.1.

On March 20, 2008, the Court issued an order for the government to show cause why the defendant's sentence should not be modified.  The government responded by letter dated April 10, 2008.  Defendant submitted his response, through counsel, on May 15, 2008.  The government replied on May 20, 2008.

### Discussion

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify the sentence of a defendant whose term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission.[8]  Because the Sentencing Commission voted to apply

---

[8] 18 U.S.C. § 3582 provides, in relevant part:

> Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that -- in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 retroactively, I may consider whether defendant's sentence should be reduced.

Defendant correctly argues that, because he is accountable for only 1.5 kilograms of crack, his base offense level for count 44 was reduced by Amendment 706 from 38 to 36.[9]  U.S.S.G. § 1B1.10, p.s, provides, however, that "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if - . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B), p.s.

Because defendant's combined offense level is determined by application of U.S.S.G. § 3D1.4, however, this reduction, while it lowers his combined offense level from 46 to 45,[10] does not reduce his guideline range, which remains life.  As the amendment does not have the effect of lowering defendant's guideline range, a reduction in defendant's term of imprisonment is not

---

[9] The government argues that defendant was not sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission, as 18 U.S.C. § 3582(c)(2) requires.  Due to the grouping of counts, however, defendant's sentence in fact based on a range lowered by the Sentencing Commission although, as noted below, the amendment does not affect his ultimate guideline range.

[10] Under U.S.S.G. § 3D1.4, defendant, based on his convictions, receives 2 units, rather than two and one-half.  As defendant's adjusted offense level for his narcotics conspiracy conviction is 38, rather than 40, only one-half unit is added, rather than an entire unit.  Two units requires an increase of the base offense level of two levels, while two and one-half units required an increase of three levels.  Thus, the base offense level of 43 is increased only to 45 rather than 46.

authorized. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B), p.s.

Moreover, defendant's base offense level for RICO Act 17A/17B and counts 33 and 34 (part 1), conspiracy to murder and murder of Wayne Smith, is 43, pursuant to the first degree murder guideline, U.S.S.G. § 2A1.1(a) (1996). The recent amendments to U.S.S.G. § 2D1.1 have no effect on this guideline range. Therefore, defendant is subject to a term of life imprisonment independent of his conviction on the narcotics conspiracy charge, and a reduction in defendant's sentence is not appropriate. *United States v. Tyler*, No. 01-CR-922 (JBW), 2008 WL 925126, at *2-3 (E.D.N.Y. Mar. 17, 2008) (declining to reduce sentence based on amendments to U.S.S.G. § 2D1.1 where defendant's sentence resulted from application of U.S.S.G. § 2A1.1); *United States v. Monroe*, No. 98-CR-0017, 2008 WL 824304 (W.D.Pa. Mar. 26, 2008) (no reduction warranted under crack amendment where the offense level was based on a more serious murder charge, and remains unchanged); *see also* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B), p.s.[11]

Defendant argues that the Court is not constrained by the limitation in U.S.S.G. § 1B1.10(a)(2)(b), p.s. This Court has recently addressed and rejected arguments that U.S.S.G. § 1B1.10,

---

[11] Defendant is, of course, also subject to two other concurrent life sentences on counts 1 and 2.

p.s., is advisory only in cases such as this in which treating the guidelines as advisory would not result in a different sentence. *See United States v. Cruz*, 2008 WL 539216 (E.D.N.Y. Feb. 27, 2008); *United States v. Osuna*, 2008 WL 1836943 (E.D.N.Y. Apr. 22, 2008). Defendant further argues that U.S.S.G. § 1B1.10, p.s., is inconsistent with the plain language of 28 U.S.C. § 994 because it does not further the purposes of sentencing set forth in 18 U.S.C. § 3553(a). However, Congress has explicitly given the Sentencing Commission the power to promulgate "policy statements regarding application of the guidelines . . . [that] would further the purposes set forth in section 3553(a)(2) of title 18, United States Code, including the appropriate use of - the sentence modification provisions set forth in section[] . . . 3582(c) of title 18." 28 U.S.C. § 994(a)(2)(C). Thus, U.S.S.G. § 1B1.10, p.s., is not inconsistent with 28 U.S.C. § 994. Moreover, U.S.S.G. § 1B1.10, p.s., does not limit a court's ability to interpret § 3582(c)(2).[12]

In all events, I would decline to reduce defendant's sentence regardless of the limitations of U.S.S.G. § 1B1.10, p.s. Consideration of the factors set forth in § 3553(a), including

---

[12] Defendant's citation to *Stinson v. United States*, 508 U.S. 36, 38, 44-45 (1993), is inapposite. In that case the Court held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id*. at 38. For the reasons set forth in *United States v. Cruz*, 2008 WL 539216, at *5, Sixth Amendment concerns are not present in a § 3582(c)(2) proceeding.

the serious nature of the offenses, including murder, attempted murder, and arson, the need for deterrence, and protection of the public, leads me to conclude that the sentences imposed are appropriate.[13]

**Conclusion**

For the reasons set forth above, defendant's motion is denied.[14] The Clerk is directed to transmit a copy of the within to the parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          May 29, 2008

          By:   /s/ Charles P. Sifton (electronically signed)
                      United States District Judge

---

[13] I also note that I have discretion under 18 U.S.C. § 3582(c)(2) as to whether or not to reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a). In addition to defendant's pre-sentencing conduct, defendant has been sanctioned 44 times while incarcerated for violations ranging from being insolent to a staff member to assault with a dangerous weapon. This post-sentencing conduct further counsels against my reducing defendant's term of imprisonment.

[14] On March 25, 2008, under both his civil docket number and this docket, defendant wrote to the Court seeking a transfer to this district to confer with his attorney concerning his sentence reduction motion. I denied this motion without prejudice if defendant were to be found eligible for a sentence reduction. Defendant submitted an additional memorandum in support of his motion to transfer on March 30, 2008; he also requested that Mr. Schmidt be notified of his appointment. As defendant is not eligible for a sentence reduction for the reasons set forth above and because counsel received notification of his appointment, I deny this motion.